STATE OF NEBRASKA, APPELLEE, V. ROBERT M. CASEY, APPELLEE, SUMMIT FIDELITY & SURETY COMPANY, SURETY FOR ROBERT M. CASEY, APPELLANT.

146 N. W. 2d 370

Filed November 18, 1966. No. 36336.

Michael W. Brown, for appellant.

Paul L. Douglas, William D. Blue, Ronald D. Lahners, Floyd A. Sterns, and Janice L. Gradwohl, for appellee State of Nebraska.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

McCOWN, J.

Summit Fidelity & Surety Company has appealed from a judgment against it on an appearance bond executed by it as surety for one Robert M. Casey. The principal question involves the construction of the bond as to the time for appearance.

On May 26, 1965, the defendant, Robert M. Casey, was charged with burglary. He was arrested July 19, 1965, appeared before the county judge on the same day, and preliminary hearing was set for August 4, 1965, and an appearance bond was fixed in the sum of $5,000. On August 4, 1965, the defendant appeared before the county judge with his attorney, waived preliminary hearing, and was "bound over to the District Court of Lancaster County, Nebraska, at present term of Court, for further disposition." Appearance bond was fixed in the sum of $4,000. The bond was executed by Casey and by Summit Fidelity & Surety Company, as surety. The appearance bond was on a printed form in which several words were lined through. The relevant portions of the bond required Robert M. Casey to "personally be and appear before the District Court of Lancaster County, Nebraska, for trial therein, on the ____ day of _____, 19____, at ____ o'clock ____M., of said day or at subsequent dates or times to which said cause may be lawfully continued or adjourned, to answer a charge preferred against him for the crime or offense of Burglary and to do and to receive what shall be enjoined by said Court upon him, and shall not depart the said Court without leave."

On October 19, 1965, the court ordered the bond forfeited when Robert M. Casey failed to appear. On December 1, 1965, the State filed a motion for a judgment of default and execution on the bond pursuant to section 29-1108, R. R. S. 1943. The court set hearing on the motion for the 13th day of December, and directed that the motion and notice of hearing be served on the clerk, and that copies be mailed forthwith to the ob-

ligors. After two continuances, a motion for a further continuance and setting a new date for hearing was filed, and the hearing was set for February 14, 1966. After denying the surety's motion for further continuance, hearing was had on February 14, 1966, after copy of the motion and the notice of hearing was again sent to the obligors by the clerk of the district court together with the order of continuance. The attorney for the defendant, Robert M. Casey, was also notified personally of the hearing. After the hearing, the court entered a judgment in the sum of $4,000 against the obligors, Robert M. Casey and Summit Fidelity & Surety Company. The record shows that the defendant, Robert M. Casey, has never appeared before the district court for Lancaster County, and that no objection to the order of forfeiture of October 19, 1965, was made nor has any motion to set the order aside ever been filed. The surety filed a motion for a new trial listing no specific errors, which motion was overruled.

It is the basic contention of the surety that the recognizance here is void because it fails to specify a time certain for the appearance of Robert M. Casey. It relies principally on the case of Joelson v. United States, 287 F. 106, and contends that a bail bond "must be construed according to its express terms, and when it is defective as to the place and time at which defendant is to appear, these may not be supplied by intendment."

We think the proper rule to be that the surety's obligation on a bail bond, as on any other surety contract, is limited to the surety's promise, reasonably interpreted, unless there is a statute providing that certain statutory conditions are deemed to be contained in the bond, whether or not expressed. See Restatement, Security, § 203, comment c, p. 549.

"While a bail bond or recognizance should be construed with reasonable strictness, and a surety should not be required to fulfill any conditions that he did not covenant to perform, and while the omission of material

words cannot be supplied by inference or intendment, the court should not close its eyes to any reasonable intendment of the language employed by the parties." 8 C. J. S., Bail, § 62, p. 186. This rule applies with particular emphasis in the case of a surety company engaged in the business of furnishing bail bonds.

Section 29-506, R. R. S. 1943, provides in part: "Provided, if the offense be bailable, he may be ordered released upon entering into a recognizance in such sum as may be fixed by the magistrate with one or more good and sufficient sureties to be approved by him, conditioned that the accused appear forthwith before the district court, if then in session, and if not in session, then on the first day of the next jury term thereof and not depart the county without leave. No recognizance requiring the accused to appear at the next term of court shall be rendered invalid by the fact that the court is in session."

Section 29-901, R. R. S. 1943, dealing with bail and its incidents, provides that recognizance shall be "conditioned for his appearance before the proper court, to answer the offense wherewith he may be charged, and to appear at such times thereafter as may be ordered by the proper court." It also provides that all recognizances be continuous from term to term until final judgment.

Section 29-1105, R. R. S. 1943, provides: "No action brought on any recognizance shall be barred or defeated, nor shall judgment thereon be reversed by reason of any neglect or omission to note or record the default, nor by reason of any defect in the form of the recognizance if it sufficiently appears from the tenor thereof at what court the party or witness was bound to appear and that the court or officer before whom it was taken was authorized by law to require and take such recognizance."

It is the position of the surety that a bail bond must have a specific date expressed in its terms for a first

appearance in order to make operative the remaining language of the bond requiring appearance at subsequent dates or times to which the cause may be lawfully continued or adjourned.

In general, the obligation of the surety on a criminal bail bond is to produce the accused whenever necessary in the prosecution of the charges which have been made against him or at any stage of the proceedings until the prosecution is ended, and the defendant is discharged by the court or by operation of law, or custody of the defendant is transferred to proper officers of the law. 8 Am. Jur. 2d, Bail and Recognizance, § 99, p. 840.

Under the circumstances here, we hold that the reasonable intendment of the language employed by the parties, and the proper construction of the bond here involved, require the words "of said day" to be interpreted as August 4, 1965, the date the bond was dated, executed, and filed, and that it carries with it the connotation of immediately or forthwith. The bond, so construed, required the defendant to appear on that day forthwith before the district court for Lancaster County, Nebraska, and at subsequent dates or times to which the cause might be lawfully continued or adjourned, to answer a charge preferred against him for the crime of burglary. Such a construction, we believe, gives effect to the real intention of the parties, according to the laws of this jurisdiction. The construction contended for by the surety requires this court to close its eyes to practical realities and makes errors or omissions of technical form the overriding gauge of validity and enforceability of a surety contract.

The judgment of the district court was correct and is affirmed.

AFFIRMED.