STATE OF NEBRASKA, APPELLEE, v. DONALD M. HURLEY, APPELLEE, PEERLESS INSURANCE COMPANY ET AL., APPELLANTS.

270 N. W. 2d 915

Filed October 25, 1978. No. 41680.

Walter J. Matejka, for appellants.

No appearance for appellee State.

No appearance for appellee Hurley.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This is an appeal by Peerless Insurance Company from a judgment forfeiting an appearance bond in a criminal case on which the appellant was the surety. The bond in question was executed and filed in the District Court for Nemaha County, Nebraska, on May 25, 1977. The bond was given to insure the appearance of Donald M. Hurley who had been charged with assault to inflict great bodily injury.

The jury returned a verdict of guilty on June 29, 1977, and Hurley was sentenced to imprisonment for 1 year on July 19, 1977. Hurley stated in open court that he intended to appeal to this court. He had been represented by retained counsel who was granted leave to withdraw from the case. Since Hurley claimed to be indigent, the trial court appointed counsel to assist Hurley in making an application for the appointment of counsel and set the matter for hearing on August 2, 1977. The trial court also suspended the sentence which had been imposed and released Hurley upon the bond which had been filed on May 25, 1977.

When Hurley failed to appear on August 2, 1977, the bond was revoked, a bench warrant was issued for Hurley, and a motion for judgment on the bond was filed by the county attorney. The motion was heard on August 16, 1977, and judgment was entered against Peerless for the full amount of the bond. From this judgment Peerless has appealed.

The condition of the bond was that Hurley should "personally appear in the District Court of Nemaha County, Nebraska, holding in Auburn, Nebraska, from day to day, and from term to term, until final judgment or as directed by said Court, until finally discharged * * *." Peerless contends that it has fulfilled its obligation under the bond since Hurley appeared for trial and sentencing and was remanded to the custody of the sheriff at the end of the sentencing hearing.

Section 29-2301, R. R. S. 1943, provides that the execution of a sentence may be suspended for 1 month in order to give the person convicted an opportunity to apply for a writ of error and: "Where the defendant is, prior to pronouncement of judgment, at liberty under bail, the court in its discretion, may allow the defendant to continue at liberty under his bail bond during the period of suspension of sentence authorized by this section." This section authorizes the trial court to continue the defendant's bond, without the consent of the surety, for up to 1 month after sentence has been imposed.

It is a well-established rule that every contract is made with reference to and subject to existing law, and every law affecting the contract is read into and becomes a part thereof. Bobbitt v. Order of United Commercial Travelers of America, 180 Neb. 285, 142 N. W. 2d 351. The rule is applicable to appearance bonds. See, Restatement, Security, § 203, comment c, p. 549; State v. Casey, 180 Neb. 888, 146 N. W. 2d 370.

The bond in this case was subject to the provisions of section 29-2301, R. R. S. 1943. It was within the discretion of the District Court to suspend the sentence for up to 1 month and to continue the bond during that time.

The judgment of the District Court is affirmed.

AFFIRMED.