WESTERN SECURITY BANK, FORMERLY KNOWN AS AMES BANK, A
NEBRASKA CORPORATION, APPELLEE, V. TERRY A. LAMBERT
PLUMBING, INC., APPELLANT.

482 N.W.2d 278

Filed April 10, 1992.   No. S-89-739.

Jeffrey A. Silver for appellant.

Patrick M. Heng, of Raynor, Rensch, Heng & Wills, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff-appellee, Western Security Bank, filed a petition in replevin against defendant-appellant, Terry A. Lambert Plumbing, Inc. The bank sought recovery of certain personal property owned by defendant and described in security agreements between the bank and defendant. The security agreements secured two promissory notes executed by defendant to the bank. The bank alleged that defendant had

defaulted on the notes and that under the terms of the security agreements, the bank was entitled to possession of the collateral.

In its answer, defendant admitted the execution of the promissory notes and the security agreements, but denied that it was in default. Defendant also filed a counterclaim against the bank. The bank demurred to the counterclaim.

A hearing was held on the bank's demurrer on February 14, 1989. On March 16, 1989, the court ordered that the bank's "demurrer be and hereby is sustained as to all counts in defendant's counterclaim."

On April 20, 1989, the bank filed a motion for summary judgment on its petition. A hearing was held on May 11, 1989, on the motion. On June 6, 1989, the court sustained the motion and ordered the property delivered to the bank. On July 3, 1989, defendant filed its notice of appeal to this court. Defendant assigns two errors, alleging that the trial court erred in (1) "sustaining Plaintiff's Motion for Summary Judgment" and (2) "sustaining Plaintiff's Demurrer to Defendant's Counterclaim and in failing to allow Defendant to amend said Counterclaim." We affirm the trial court's action in sustaining the motion for summary judgment, and we dismiss defendant's appeal as to the second assignment of error.

With regard to the alleged error of the trial court in sustaining the bank's demurrer, the second assignment of error, we note that at oral argument it was pointed out that the issues between the parties on defendant's counterclaim had been disposed of by a decision in the federal court in an action affirmed on appeal June 4, 1991, *Terry A. Lambert Plumbing v. Western Sec. Bank*, 934 F.2d 976 (8th Cir. 1991). Counsel for defendant withdrew defendant's appeal on the issue presented in its second assignment of error, and we therefore need not consider whether the appeal on that issue concerns a final order, the timeliness of the appeal, or other possible dispositive questions. Defendant's appeal will not be considered insofar as the issues raised in its second assignment of error.

Regarding the issues raised as to the granting of the bank's motion for summary judgment, the record shows the following: In connection with its motion, the bank submitted

an affidavit, dated April 20, 1989, of a senior vice president of the bank. In this affidavit, the affiant stated that defendant had signed two promissory notes dated February 26, 1988; that no payments had been made on said notes from July 26, 1988, up to the date of the affidavit; and that defendant had filed bankruptcy on August 25, 1988, but that the bankruptcy court had dismissed the petition on December 20, 1988, at defendant's request. Each of the notes provided that the bank could declare the entire sum due if defendant failed to make agreed payments on the note or if defendant declared bankruptcy.

In reviewing an order entered pursuant to a motion for summary judgment, the appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences that may be deduced from the evidence. *Spittler v. Nicola*, 239 Neb. 972, 479 N.W.2d 803 (1992).

> A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party.

*Id.* at 976, 479 N.W.2d at 807.

At the hearing on the motion, defendant introduced the affidavit of defendant's president. This affidavit said, in general, that if the bank had performed its obligation to defendant, "no default would have occurred." The affidavit did not deny the bank's allegations that defendant was in default for not making agreed payments on the loans and filing a bankruptcy petition, but made allegations which allegedly would excuse defendant's defaults.

Defendant's position was summarized in paragraph 23 of the bank president's affidavit, which stated:

> If Western had fulfilled its contractual obligations under

its Credit Agreement with Lambert, not breached its implied covenant of good faith and fair dealing, not been negligent, not injured Lambert's business reputation, or breached its fiduciary duty, Lambert would have been able to remain in business, make its scheduled loan payments on Exhibit "D" and no default would have occurred.

The issues suggested in that paragraph, and in the entire affidavit, were disposed of in the federal court action referred to above, filed by defendant in the Nebraska state court and removed to federal court. In the federal case, defendant's suit against the bank "sought monetary damages for racketeering ('RICO Claim') under 18 U.S.C. § 1961 (1988), breach of contract, breach of implied covenant of good faith and fair dealing, injury to business reputation, negligence, and breach of fiduciary duty." *Terry A. Lambert Plumbing*, 934 F.2d at 979. The federal court of appeals in that case affirmed a judgment entered in favor of the bank on the bank's motion for summary judgment. The underlying issues in this case are identical with those in the federal court case and have been decided in favor of the bank and against defendant. The decision in the federal case between these same two parties is res judicata as to those issues. See, *Dakota Title v. World-Wide Steel Sys.*, 238 Neb. 519, 471 N.W.2d 430 (1991); *Gottsch v. Bank of Stapleton*, 235 Neb. 816, 458 N.W.2d 443 (1990).

We said in *State v. Gerdes*, 233 Neb. 528, 531, 446 N.W.2d 224, 227 (1989), quoting from *Security State Bank v. Gugelman*, 230 Neb. 842, 434 N.W.2d 290 (1989), that

"[a]ny right, fact, or matter in issue and directly adjudicated in a prior proceeding, or necessarily involved in the determination of the action before a competent court in which the judgment or decree was rendered upon the merits, is conclusively settled by the judgment and may not be litigated again between the parties, whether the claim, demand, purpose, or subject matter of the suits would or would not be the same."

In considering the motion for summary judgment, the trial court had before it undisputed allegations that defendant was in default. In this court, it is clear that the defenses to the motion

sought to be raised by defendant have been determined adversely to defendant in another case between the two parties.

In that state of the record, the district court for Douglas County did not err in sustaining the bank's motion for summary judgment and entering judgment for the bank.

AFFIRMED.