499 N.W.2d 85 (1993)
WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, a Nebraska Fraternal Benefit Society, Appellant,
v.
Larry J. PUCCIO, Appellee.
No. A-90-1075.
Court of Appeals of Nebraska.
February 2, 1993.
*86 William Jay Riley, of Fitzgerald, Schorr, Barmettler & Brennan, Omaha, for appellant.
Lee R. Terry, of Schrempp & Salerno, Omaha, and Darrell W. Ringer, of Reeder, Schuman, Ringer & Wiley, Morgantown, WV, for appellee.
SIEVERS, C.J., MILLER-LERMAN, J. and WARREN, District Judge, Retired.
WARREN, District Judge, Retired.
Woodmen of the World Life Insurance Society (the Society) appeals from a grant of summary judgment for defendant, Larry J. Puccio. The Society had filed an action for declaratory judgment on the issue of whether Puccio had breached the parties' contract by filing a legal action in West Virginia. Further, the Society sought declaration of the rights, status, and legal relations that had arisen from the contract between itself and Puccio.

NATURE OF THE CASE
Puccio filed an action against the Society in the circuit court for Marion County, West Virginia, alleging wrongful discharge, breach of contract, and outrageous conduct. In addition, Puccio's wife alleged loss of consortium. The Society filed a motion to dismiss the West Virginia action because the venue was improper. The circuit court denied the Society's motion for dismissal and found that the proper venue was in West Virginia.
Subsequently, the Society filed an action for declaratory judgment in the district court for Douglas County, Nebraska. The Society asked the court to declare that the venue clause in the contract between itself and Puccio was valid and that Puccio had breached the contract terms by filing an action in West Virginia rather than in Douglas County.
Puccio responded by filing a motion for summary judgment based on res judicata, full faith and credit for the West Virginia court's decision on venue, and the Nebraska Uniform Declaratory Judgments Act. The Society filed a cross-motion for partial summary judgment to declare that the contract's venue clause was valid and enforceable and that Puccio had breached the contract by filing suit in West Virginia. The district court overruled the Society's motion for partial summary judgment, sustained Puccio's motion for summary judgment, and dismissed the Society's petition. The Society then filed its notice of appeal.

*87 STANDARD OF REVIEW
In reviewing an order sustaining a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences that may be deduced from the evidence. Turek v. St. Elizabeth Comm. Health Ctr., 241 Neb. 467, 488 N.W.2d 567 (1992). Moreover, summary judgment is properly granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue concerning any material fact or as to the ultimate inferences deducible from such facts and that the moving party is entitled to judgment as a matter of law. Barelmann v. Fox, 239 Neb. 771, 478 N.W.2d 548 (1992); Flamme v. Wolf Ins. Agency, 239 Neb. 465, 476 N.W.2d 802 (1991); Flynn v. Bausch, 238 Neb. 61, 469 N.W.2d 125 (1991).
A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. Western Sec. Bank v. Terry A. Lambert Plumbing, 240 Neb. 448, 482 N.W.2d 278 (1992).
Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. Nebraska Builders Prod. Co. v. Industrial Erectors, 239 Neb. 744, 478 N.W.2d 257 (1992).

FACTS
Puccio, a resident of Fairmont, West Virginia, and the Society, a Nebraska corporation with its home office in Omaha, Nebraska, entered into a "Full-Time Field Representative Contract" effective August 1, 1987, providing for Puccio to solicit and sell insurance exclusively in the State of West Virginia. Puccio worked under that contract in West Virginia until his contract was terminated by the Society on January 30, 1989. Puccio and his wife then brought suit in the circuit court for Marion County, West Virginia, against the Society; its area manager, George S. Yelich; and its West Virginia state manager, Grover H. Quillen, Jr., alleging wrongful discharge, breach of the field representative contract, loss of consortium, and outrageous conduct, including charges that Yelich and Quillen had falsely represented to the Society that Puccio was working in another job, resulting in the Society's cancellation of his contract without the required contractual notice and without cause. Yelich was a resident of Fairmont, West Virginia, and Quillen was a resident of Charleston, West Virginia.

DISCUSSION
The evidence before the court on the respective motions for summary judgment consisted entirely of the admissions contained in the pleadings of the parties in the Nebraska declaratory judgment action and the proceedings in the West Virginia court, consisting of Puccio's complaint, the Society's motion to dismiss, and the ruling of the West Virginia court denying that motion and finding that West Virginia was a proper forum for the action.
The facts are not in dispute. The principal issue is whether Puccio breached the venue clause of his contract with the Society by filing his action in West Virginia. The parties have focused much of their arguments on propositions of law involving res judicata, collateral estoppel, and full faith and credit, based on the West Virginia ruling. We believe the case is governed by consideration of the Nebraska Model Uniform Choice of Forum Act.
The field representative contract specifically provides that it "is to be construed according to the laws of the State of Nebraska and that the exclusive venue for the pursuit of any legal proceeding or remedy arising out of this contract shall be in Douglas County, Nebraska."
*88 However, in 1969, Nebraska adopted the Model Uniform Choice of Forum Act, incorporated in Neb.Rev.Stat. §§ 25-413 to 25-417 (Reissue 1989), which states in part:
(1) If the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state will entertain the action if ... (b) this state is a reasonably convenient place for the trial of the action....
§ 25-414(1). West Virginia has not adopted the model act.
The law of this state is an inherent part of every contract; every contract is made with reference to and subject to the existing law; and every law affecting the contract is read into it and becomes a part thereof. Haakinson & Beaty Co. v. Inland Ins. Co., 216 Neb. 426, 344 N.W.2d 454 (1984). Therefore, § 25-414(1) is part of the subject contract. If Nebraska is not a "reasonably convenient place" for Puccio's action, the Model Uniform Choice of Forum Act would not require the district court to accept Puccio's case, and Puccio would be free to file in a more convenient forum. Procedurally, Puccio, as the plaintiff, would have waived his objection to the forum had he filed in Nebraska. Therefore, in order to preserve an objection to venue in Nebraska, Puccio had to file elsewhere. Consequently, Puccio breached the venue clause of his contract with the Society only if Nebraska is a reasonably convenient place for Puccio to bring his action.
Whether Nebraska is a reasonably convenient place for Puccio's action is a question of law. Accordingly, we must review the undisputed facts and make a determination independent of the district court's judgment. Nebraska Builders Prod. Co. v. Industrial Erectors, 239 Neb. 744, 478 N.W.2d 257 (1992).
The facts from the pleadings show that Puccio, a West Virginia resident, was hired as an insurance salesperson for one of the Society's West Virginia offices. Further, Puccio worked for 18 months solely in West Virginia under the management of Yelich and Quillen, both of whom were also West Virginia residents. In light of these facts, a trial in Nebraska would not be reasonably convenient for either Puccio or for the parties involved from the Society's West Virginia offices. Further, most of the witnesses and documents involved in this case are located in West Virginia. Proof of the performance or nonperformance of the field representative contract and cause for termination of the contract must come principally from West Virginia. Traveling to Nebraska, filing in Nebraska courts, and trying to coordinate a long-distance lawsuit are exactly the kind of inconveniences the choice of forum act is meant to address.
Procedurally, the evidence adduced by Puccio in his motion for summary judgment, coupled with the pleadings, was sufficient to demonstrate that Puccio was entitled to judgment as a matter of law finding that Nebraska was not a reasonably convenient place for trial of the action, if that evidence remained uncontroverted. The Society then had the burden to present evidence showing an issue of material fact regarding reasonable convenience, which evidence would prevent a judgment as a matter of law for Puccio. The Society offered no additional evidence.
Based on the record, we find that Nebraska is not a reasonably convenient place for Puccio's action. Accordingly, we affirm the district court's granting of summary judgment for Puccio. The district court correctly reasoned that Puccio could not breach his contract by asserting a right Nebraska law gives him to show that Nebraska is not a reasonably convenient place for trial of the dispute over his contract termination. The trial court was correct in denying the Society's motion for partial summary judgment and dismissing its declaratory judgment action.
AFFIRMED.