PETER VAN BUREN, APPELLANT, V. VILLAGE OF ELMWOOD, APPELLEE.

FILED FEBRUARY 20, 1909. No. 15,468.

Villages: VACATION OF STREETS: STATUTES: REPEAL. An act of the legislature entitled "An act to provide for vacating streets, alleys and public grounds in towns and villages" (laws 1871, p. 125), passed and approved March 10, 1871, in so far as said act confers upon county boards the power to vacate streets within incorporated villages, was repealed by the act of the legislature entitled "An act to provide for the organization, government, and powers of cities and villages" (laws 1879, p. 193), passed and approved March 1, 1879.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*A. N. Sullivan,* for appellant.

*H. D. Travis, William Deles Dernier* and *Strode & Strode, contra.*

GOOD, C.

Plaintiff, who is the owner of blocks 29 and 32 in the village of Elmwood, in Cass county, petitioned the board of county commissioners of said county to vacate the street lying between said blocks. The village of Elmwood appeared and filed written objections to the jurisdiction of the board of county commissioners to act in the matter, upon the ground that said village of Elmwood was a duly incorporated village, and the streets, alleys and public grounds of said village are solely under the jurisdiction of the board of trustees of said village, and the board of county commissioners was without power or jurisdiction to vacate streets or alleys of an incorporated village. The county board found that it was without jurisdiction to hear the matter and dismissed the application. Plaintiff thereupon duly excepted to the decision of the board and filed a petition in error to the district court for said county. The district court rendered judgment dismissing plaintiff's proceeding in error, for the reason that the county commissioners had no jurisdiction to hear and determine said matter. Plaintiff has appealed.

The plaintiff's application to the county board to vacate the street was based upon the provisions of an act of the legislature of 1871, entitled "An act to provide for vacating streets, alleys and public grounds in towns and villages." Laws 1871, p. 125. This act is carried into the Annotated Statutes, 1907, as section 9015 to 9018, inclusive. Section 9015 authorizes persons desiring to have any street in a village vacated to give notice of his application to the county commissioners for the vacation of such street. Section 9016 authorized the county commissioners to appoint persons to examine such street and report at the next meeting of the board whether any injus-

tice or any inconvenience would be worked by the vacation of such street. The board, upon such report and other testimony presented by the applicant, or others opposing the vacation, is authorized to decide for or against vacation of the street. By section 9017 the board, if convinced that no injustice would be worked by such vacation, is required to order such vacation. It is conceded that, if this act is in full force, the county board was vested with jurisdiction to hear and determine the application. Defendant contends, however, that the act of 1871 was repealed in 1873 by an act of the legislature entitled "An act relating to incorporated towns and villages." This latter act is found in chapter 81 of the General Statutes of 1873. Section 7 thereof provides, among other things, that the board of trustees of each incorporated village or town shall have the power to have the streets opened, cleaned and repaired. Section 29 of the act provides for the repeal of "chapter 53 of the Revised Statutes entitled 'towns,' and all other acts and parts of acts inconsistent therewith." An examination of this act does not disclose that the power to vacate streets was given or attempted to be given to the village trustees, nor do we perceive that the act of 1873 was in conflict with the act of 1871, so that the repealing clause contained in section 27 of the act of 1873 would not operate to repeal the act of 1871. In 1879, however, the legislature passed an act "to provide for the organization, government, and powers of cities and villages." Laws 1879, p. 193. In addition to other powers granted to cities and villages, section 69 authorized cities and villages under the provisions of the act to enact ordinances or by-laws for the following purposes: "Subdivision XXVII. To open, widen or otherwise improve or vacate any street, avenue, alley, or lane within the limits of the city or village, and also to create, open and improve any new street, avenue, alley, or lane." Section 117 of this act provided for the repeal of certain specific acts, and also for the repeal of all acts and parts of acts inconsistent with the provisions of said act.

The plaintiff contends that the power to vacate streets which was given to the county board by the act of 1871 was to be exercised only for the benefit of the private owner, and when no person was injured by such vacation, and that the power to grant relief under these circumstances was not given to the village board of trustees by the act of 1879. We are unable to concur in this view. The power to vacate streets which was granted to the village board of trustees by the act of 1879 is not limited or circumscribed. Its power to vacate streets is full and ample, and reaches to every possible case where a village street might properly be vacated. We think the act of 1879 is clearly in conflict with the act of 1871, and that the repealing clause contained in section 117 of the act of 1879 operated as a repeal of the act of 1871 in so far as it conferred upon county boards the power to vacate streets in incorporated villages, and thereby deprived county boards of jurisdiction to vacate such streets.

The county board properly sustained the objection to jurisdiction and dismissed the application to vacate the street, and the judgment of the district court sustaining the action of the county board was right, and should be affirmed.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.