HUGH H. CARROLL, APPELLANT, V. VILLAGE OF ELMWOOD
ET AL., APPELLEES.

FILED JANUARY 24, 1911. No. 16,266.

Municipal Corporations: TITLE TO STREETS. Where land is platted for
and dedicated to city or village purposes in accordance with the
provisions of article I, ch. 14, Comp. St. 1909, the city or village
acquires the ownership of the streets, alleys and public grounds in
fee simple, and an abutting lot owner cannot maintain an action
against the city or village to recover the value of the natural
products of the soil grown upon the surface of an adjacent street
which has been converted to the use of the municipality.

APPEAL from the district court for Cass county:
HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*A. N. Sullivan,* for appellant.

*Byron Clark, William Delos Dernier* and *William A.
Robertson, contra.*

BARNES, J.

Action by a lot owner in the village of Elmwood to re-
cover the value of the grass or hay grown on a street of
the village adjacent to his lots and appropriated by the
village trustees to the use of the corporation.

It appears that in the month of July, 1886, the owners
of the land on which the village of Elmwood is situated
duly caused the same to be surveyed and platted, and the
plat acknowledged in the manner provided by sections
8980, 8981, Ann. St. 1909. After such acknowledgment
they duly filed the plat for record as therein provided, and
thus dedicated the streets, alleys and public grounds, as
shown in said plat, to the public use as and for the village
of Elmwood; that thereupon said village was organized
and has existed and exercised the powers and duties of
a municipal corporation from thence to the present time;
that the plaintiff had purchased, and at the time of the

commencement of this action owned, certain lots in the said village abutting upon one of the public streets so dedicated as aforesaid; that in the month of August, 1907, the plaintiff cut the grass growing upon the street on which his lots abutted; that immediately thereafter the trustees of the village caused the same to be removed, without the consent of the plaintiff, and converted it to the use of the corporation. The plaintiff thereupon brought this action in the justice court of Cass county to recover the value of the grass or hay thus appropriated, the defendants had judgment, and the plaintiff appealed to the district court. On the trial, and after the introduction of the evidence, that court directed the jury to return a verdict for the defendants, which was accordingly done. Plaintiff took the proper exceptions, and has brought the case here by appeal, so that the sole question presented by this record is whether as an abutting owner the plaintiff can maintain an action to recover the value of the grass or hay which grew naturally upon the surface of the village street.

The plaintiff invokes the common-law rule in support of his contention that he was entitled to recover the value of the grass or hay growing in the village street (the natural production of the soil) appropriated by the defendants, and cites authorities from many of the states where that rule prevails. In 2 Dillon, Municipal Corporations (4th ed.) sec. 663, it is said: "Where the public acquires only the use, and *the fee remains in the original proprietor or abutter*, the latter is considered to be the owner of the soil for all purposes not inconsistent with the public rights, and may maintain actions accordingly." In this state, however, a different rule prevails. Section 8982, Ann. St. 1909, provides: "The acknowledgment and recording of such plat is equivalent to a deed in fee simple of such portion of the premises platted as is on such plat set apart for streets or other public use, or as is thereon dedicated to charitable, religious, or educational purposes." The law of Iowa on this subject is identical with

the section of our statutes above quoted, and in that state it was held that laying off and recording a town plat or an addition thereto under chapter 41 of the code of 1851 had the effect to vest in the corporation the fee-simple title to and exclusive right of dominion over the streets and alleys thus dedicated to public use, and that in such case neither the original proprietor nor his grantees have the right to the subterraneous deposits of coal within the limits of such street, and the corporation was allowed to maintain an action against the abutting lot owner for coal mined and taken by him from beneath the same. *City of Des Moines v. Hall,* 24 Ia. 234.

In 2 Dillon, Municipal Corporations (4th ed.) sec. 664, it is said: "Where, however, the *fee or legal title* passes from the original proprietor, as in some states it is declared it shall, in statutory dedications, and in cases where land is acquired for streets and public purposes by the exercise of the right of eminent domain, such proprietor or the adjoining owner cannot maintain an action for injuries to the soil, or ejectment, but he nevertheless has a remedy for any special injury to his rights by the unauthorized acts of others." In *City of Wahoo v. Nethaway,* 73 Neb. 54, in speaking of the statute above quoted, this court said: "It would seem that there is in this state much reason for holding that incorporated cities should, in actions relating to their streets, be subject to the operation of the statute of limitations. They own in fee simple the streets, alleys and other public places within their corporate limits. See Comp. St. 1899, ch. 14, art. I, secs. 104, 106. They may maintain ejectment to recover possession of them; they may, speaking generally, vacate them either in whole or in part. The right is even given to sell and dispose of them, and apply the money derived from the sale to any legitimate municipal purpose. See Comp. St. 1899, ch. 14, art. I, sec. 77. In other words, municipal corporations are invested with a sort of proprietary interest in this class of property, and may be required, therefore, to guard it with the same

degree of vigilance as that which is exacted of private owners. It is believed that the authorities are all agreed upon the proposition that as to property which is held in private ownership, and not upon public trusts, municipal corporations are on the same footing with private individuals and equally affected by the limitation laws." And it was held prior to the passage of the act of 1899 that the statute of limitations would run against the lands of a municipal corporation the same as against the lands of a private individual. It follows, therefore, that, the village of Elmwood being the owner in fee of the streets upon which the plaintiff's lots abutted, it was entitled to use and appropriate the grass or other natural products of the soil growing upon the surface thereof, and the plaintiff, having no legal title to the streets, could not maintain an action against the city for the conversion to its own use of any of such products.

We wish it to be thoroughly understood, however, that by this holding the plaintiff is not to be deprived of any of his rights to the use and occupation of the streets, or any of the equitable or incidental rights that accrue to him by reason of his abutting ownership. Neither do we follow the rule announced in *City of Des Moines v. Hall,* 24 Ia. 234, to the extent of holding that the city would be entitled to minerals, if any should be found, underlying the surface of its streets. It is sufficient for the disposition of this case to declare that the plaintiff cannot maintain this action to recover the value of the hay growing upon the street adjacent to his lots.

It is contended by counsel for the plaintiff that by the language of the dedication of the plat the original owners retained the title to the streets, and only dedicated the same to the public use. The acknowledgment of the plat seems to be in the ordinary and usual form. It reads as follows: "We, the undersigned owners and proprietors of the land included in the accompanying plat of Elmwood, Cass county, Nebraska, do hereby approve of the division of the grounds into lots, and ratify the said plat;

and do hereby dedicate to the public use the streets and alleys as thereon shown, and in accordance with the survey thereof." This dedication did not have the effect contended for by plaintiff, and did not restrict the rights of the village or the public to a mere use and occupation of its streets, but was a sufficient compliance with the statute, and, when taken together with the survey, the filing and recording of the plat, operated as a conveyance of the streets designated thereon in fee simple to the corporation. Indeed, if the plat had been filed and recorded without any acknowldgment, the acceptance of the grant and a continuous occupancy of the streets since 1886, with the consent of the plaintiff and his grantors, would be sufficient to estop him from now claiming that the village has not the fee-simple title thereto declared by the statutes.

We are therefore of opinion that the judgment of the district court was right, and, for the foregoing reasons, it is

AFFIRMED.