LOIS K. STEVENS, APPELLANT, V. LEO F. STEVENS, APPELLEE.
421 N.W.2d 429

Filed April 1, 1988.   No. 86-229.

Fred J. Ferraro of Stehlik, Smith, Trustin & Schweer, for appellant.

Sally Millett Rau of Walsh, Fullenkamp, Doyle & Rau, for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

HASTINGS, C.J.

Petitioner wife has appealed from a decree of dissolution of marriage, assigning as error the division of property, the awarding of visitation rights to the respondent husband, and the overruling of her motion for a new trial.

The transcript contains plaintiff's petition for legal

separation, a decree of dissolution after "trial on the Cross-Petition of the Respondent," a motion for a new trial claiming failure to receive notice of the trial, and the judge's minutes and journal entry indicating the overruling of the motion.

Neb. Ct. R. of Prac. 4A(1)a (rev. 1986) provides that the transcript shall contain "[s]uch of the pleadings upon which the case was tried, as designated by the appellant."

Neither the praecipe required by the rule to be filed with the clerk of the district court nor the "Cross-Petition" (responsive pleading) upon which the case was tried was included within the transcript. As indicated in rule 4A generally, it is the duty of the appellant to provide this court with the proper transcript. We cannot consider a judgment entered by the trial court on a pleading not included in the transcript. *Brown v. Johnson,* 58 Neb. 222, 78 N.W. 515 (1899).

There being nothing before this court upon which any relief can be given, the judgment of the district court is affirmed.

AFFIRMED.