LUEDER CONSTRUCTION COMPANY, A DELAWARE CORPORATION,
APPELLEE, V. LINCOLN ELECTRIC SYSTEM, CITY OF LINCOLN,
NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.
ACTION ELECTRIC COMPANY, A NEBRASKA CORPORATION,
APPELLEE, V. LINCOLN ELECTRIC SYSTEM, CITY OF LINCOLN,
NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT.
GEORGE H. WENTZ, INC., A NEBRASKA CORPORATION, DOING
BUSINESS AS WENTZ PLUMBING & HEATING COMPANY, APPELLEE,
V. LINCOLN ELECTRIC SYSTEM, CITY OF LINCOLN, NEBRASKA, A
MUNICIPAL CORPORATION, APPELLANT.

424 N.W.2d 126

Filed June 3, 1988.    Nos. 86-517, 86-518, 86-519.

Mary C. Wickenkamp of Erickson & Sederstrom, P.C., for appellant.

W.C. Nelson, Jr., of Nelson, Morrow, Waldron & Kivett, for appellee Lueder Construction Company.

Richard W. Smith of Woods, Aitken, Smith, Greer, Overcash & Spangler, for appellees George H. Wentz, Inc., and Action Electric Co.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

CAPORALE, J.

These appeals arise out of separate suits filed by three construction contractors, appellees Lueder Construction Company (case No. 86-517), Action Electric Company (case No. 86-518), and George H. Wentz, Inc. (case No. 86-519), against the owner, appellant Lincoln Electric System. The contractors aver they suffered damages as the result of delays which they, predictably, claim were caused through the fault of the owner. The owner in turn filed a counterclaim in each case, asserting that it suffered damages as a result of the delays which it, equally predictably, declares were the fault of the respective contractor. The district court determined that the time extensions granted by the owner entitled the contractors to the summary judgments they requested, and therefore dismissed the owner's counterclaims. In this court the owner, in substance, claims the district court erred in determining that each contractor is entitled to a dismissal of the counterclaim against it as a matter of law. We affirm the decisions of the district court.

The owner's contract with Lueder requires the latter to complete specified "General Construction Work" on the owner's service center, then to be erected at 27th and Fairfield Streets in Lincoln, within "Four Hundred Fifty (450) calendar days" from August 7, 1978, that is to say, according to the parties, by October 31, 1979. The contract with Action requires that it complete certain "Electrical Construction Work" at the center within "Four Hundred Fifty (450) calendar days" from August 7, 1978, "which is the Contract time established" in the contract with Lueder. In like language the contract with Wentz requires that it complete designated "Mechanical Construction

Work" at the center within the same 450-day period.

Each contract provides for extension of the time allotted to reach substantial completion, i.e., the date when construction is sufficiently complete for the owner to occupy or utilize the work, as follows:

> 8.3.1 If the Contractor is delayed at any time in the progress of the Work by any act or neglect of the Owner or the Architect, or by any employee of either, or by any separate contractor employed by the Owner, or by changes ordered in the Work, or by labor disputes, fire, unusual delay in transportation, adverse weather conditions not reasonably anticipatable, unavoidable casualties, or any causes beyond the Contractor's control, or by delay authorized by the Owner pending arbitration, or by any other cause which the Architect determines may justify the delay, then the Contract Time shall be extended by Change Order for such reasonable time as the Architect may determine.

A change order is defined by paragraph 12.1.1 of each contract as

> a written order to the Contractor signed by the Owner and the Architect, issued after execution of the Contract, authorizing . . . an adjustment in . . . the Contract Time. The . . . Contract Time may be changed only by Change Order. A Change Order signed by the Contractor indicates his agreement therewith, including the adjustment in . . . the Contract Time.

The contractors each requested extensions of the time within which to reach substantial completion because of the delays encountered. The owner investigated the requests and ultimately issued change orders to each contractor. The orders issued to Lueder extended the latter's contract time by 177 days, thereby changing its substantial completion date from October 31, 1979, to April 25, 1980. Although during the course of considering and negotiating the requests for the change orders, the owner suggested both a mutual waiver of damages and a reservation of its own rights, the change orders as issued to Lueder and the other contractors contained no such provisions. The owner, through its architect, has certified that each

contract was substantially completed on April 25, 1980.

The owner correctly points out that summary judgment is proper only when the record discloses that there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn from material facts, and when the moving party is entitled to judgment as a matter of law. *Lowry v. State Farm Mut. Auto. Ins. Co., ante* p. 171, 421 N.W.2d 775 (1988); *Schriner v. Meginnis Ford Co., ante* p. 85, 421 N.W.2d 755 (1988). It then argues that it cannot be said the contractors are entitled to judgments as a matter of law because determining both the cause of the delays and whether the contract was modified so as to extend the contract time depends upon the resolution of factual questions. On the other hand, the contractors contend, among other things, that ascertaining the meaning of the contracts under the circumstances of these cases is a matter of law.

We first direct our attention to the Lueder contract and begin by recognizing the correctness of the owner's position that when it is established a contract is ambiguous, the meaning of its terms is a matter of fact to be determined in the same manner as other questions of fact; in such a situation summary judgment is improper. *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 415 N.W.2d 453 (1987). The owner overlooks, however, that whether a contract is ambiguous and thus in need of construction is a question of law, and there can be no ambiguity unless and until application of the pertinent rules of interpretation leaves uncertain which of two or more possible meanings represents the true intention of the parties. *Luschen Bldg. Assn. v. Fleming Cos., supra.* The determination as to whether an ambiguity exists is to be made on an objective basis, not by the subjective contention of the parties; thus, the fact that the parties urge opposing interpretations does not necessarily indicate a document is ambiguous. *Luschen Bldg. Assn. v. Fleming Cos., supra.* Finally, a written contract which is expressed in clear and unambiguous language is not subject to interpretation or construction, and the intention of the parties must be determined from the contents of the document alone. *State ex rel. NSBA v. Douglas*, 227 Neb. 1, 416 N.W.2d 515 (1987); *Washington Heights Co. v. Frazier*, 226 Neb. 127, 409

N.W.2d 612 (1987). In short, the meaning of an unambiguous contract presents questions of law. *Washington Heights Co. v. Frazier, supra*. See, also, *Ames v. George Victor Corp., ante* p. 675, 424 N.W.2d 106 (1988).

Paragraph 8.3.1 of the contract in question provides a procedure whereunder the contractor may obtain an extension of the contract time, and further provides that the contract time shall be extended by a change order which is defined in paragraph 12.1.1. Lueder followed the specified procedure, and the owner issued the defined change orders altering the contract time. The consequence of those acts under the unambiguous language of the contract is that the contract was modified such that completion of Lueder's performance was required by April 25, 1980, rather than by the earlier date specified when the contract was executed. Since Lueder substantially completed its performance within the extended contract time, it did not breach the contract through delay and therefore cannot be responsible for delay damages whatever may have caused the need to extend the contract time.

Although not directly in point because there was no issue as to whether contract provisions such as those at issue in the Lueder contract were ambiguous and thus in need of interpretation, *Wiebe Constr. Co. v. School Dist. of Millard*, 198 Neb. 730, 255 N.W.2d 413 (1977), nonetheless recognizes that the time for performing a construction contract may be modified by change orders issued pursuant to the terms of the contract.

The owner's contention that paragraph 8.3.4, which reads that the existence of paragraph 8.3 (of which paragraph 8.3.1 above is a part) "does not exclude the recovery of damages for delay by either party under other provisions of the Contract Documents," renders the contractual scheme for change orders based on delay ambiguous and thus subject to interpretation is unavailing. To so read paragraph 8.3.4 would negate the provisions of paragraphs 8.3.1 and 12.1.1 and render unqualified change orders extending the contract time meaningless. A contract must be read as a whole, and, if possible, effect must be given to every part thereof. See, *T.V. Transmission v. City of Lincoln*, 220 Neb. 887, 374 N.W.2d 49

(1985); *Clemens Mobile Homes, Inc. v. Anderson*, 206 Neb. 58, 291 N.W.2d 238 (1980). So read, paragraph 8.3.4 applies not to change orders modifying the contract time issued in accordance with the provisions of paragraphs 8.3.1 and 12.1.1, but to claims for delay arising under other contract provisions such as, for example, delays encountered by virtue of the owner's failure to make timely payments under the provisions of paragraph 9.7 of the contract. Paragraph 9.7 reads, in part, that "[t]he Contract Sum shall be increased by the amount of the Contractor's reasonable costs of shut-down, delay and start-up, which shall be effected by appropriate Change Order in accordance with Paragraph 12.3." (The last-mentioned paragraph deals with claims for additional cost.)

Thus, the record discloses that with respect to the owner's counterclaim against Lueder, there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn from the material facts and that Lueder is entitled to judgment as a matter of law.

We therefore arrive at a consideration of the owner's counterclaims against Action and Wentz. The change orders issued by the owner to each of these contractors purported to extend their respective contract times to March 15, 1980. While Action accepted the change orders as issued, Wentz struck out the line which reads, "The Date of Substantial Completion as of the date of this Change Order therefore is March 15, 1980." Wentz' position is that under the contract language, it is entitled to the same contract time as is Lueder. The rules discussed above concerning the reading of contracts compel us to agree. Wentz' contract provides, as does Action's, that "[t]he Contract Time will be the time period in calendar days stipulated as such" by the contract with Lueder and, further, that Wentz and Action "shall complete their work within the Contract Time established by" the contract with Lueder.

The objective meaning of the language tying the completion date for Action and Wentz to that in the Lueder contract is that a modification of Lueder's completion date resulted in a modification of the contract time established in the owner's separate contracts with Action and Wentz. Consequently, with respect to the owner's counterclaim against Action and Wentz,

there is no genuine issue as to any material fact or as to the ultimate inferences to be drawn from the material facts; Action and Wentz are thus each entitled to summary judgment as a matter of law.

What effect Action's acceptance of change orders purporting to limit its contract time to March 15, 1980, may have on its own action for delay damages against Lueder is a question not involved in the matters now before us and is not considered.

AFFIRMED.