JULIAN K. SPITTLER AND DOROTHY J. SPITTLER, APPELLEES, V.
HARRY D. NICOLA ET AL., APPELLEES, AND ROBERT W. HYDE AND
FRANCES HYDE, APPELLANTS.

479 N.W.2d 803

Filed February 14, 1992.   No. 89-771.

Donn C. Raymond for appellants.

Thomas E. Brogan, of Brogan & Stafford, P.C., for appellees Spittler.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Robert W. and Frances Hyde appeal a summary judgment holding them liable for rents, real estate taxes, utility bills, insurance premiums, maintenance costs, and interest because of their guaranty of a lease and its addendum.

We affirm the $30,429.50 summary judgment entered in favor of the appellees Julian K. and Dorothy J. Spittler by the district court for Madison County.

## THE FACTS

In 1974, the appellees Spittler owned land in Madison County, Nebraska, upon which Grampy's International, Inc., a Nebraska corporation, (Grampy's) wished to operate a "Grampy's" restaurant. The parties entered into a long-term lease. It required the Spittlers to construct, and they did so construct, a restaurant building to Grampy's specifications. Grampy's, as lessee, agreed to pay rent, real estate taxes, and the cost of utilities, maintenance and insurance beginning June 1, 1974. The lease, accompanied by an addendum, was executed by the parties on April 15, 1974. There is no mention of a guaranty in either the lease or the addendum.

On April 20, 1974, a guaranty was executed and delivered to the Spittlers. It reads:

### GUARANTY AGREEMENT

We, the undersigned, being interested in the business success of GRAMPY'S INTERNATIONAL, INC., A Nebraska Corporation, and *desiring to assist said Corporation in obtaining a Lease from JULIAN K. SPITTLER and DOROTHY J. SPITTLER*, Husband and Wife, on a Tract of land upon which a Grampy's Restaurant is to be constructed, *do hereby request and authorize Julian K. Spittler and Dorothy J. Spittler, Husband and Wife, to enter into a Lease, together with an Addendum thereto, with the Corporation* on a Tract of land located in the NW4NW4, of Section 34, Township 24 North, Range 1 West of the 6th P.M., Madison County, Nebraska, as more specifically described in said Lease, *and in consideration of said Lease, hereby guarantee all of the obligations of Grampy's International, Inc., as contained in said Lease and Addendum thereto.* This Guaranty shall be joint and several and the undersigned specifically waive notice of default and consent to extensions of time of performance in connection therewith. ·

Dated this 20th day of April, 1974.

(Emphasis supplied.)

The guaranty was signed personally by Harry D. Nicola and Mary Pat Nicola, husband and wife; William S. Whitehead and Margaret H. Whitehead, husband and wife; Robert W. Hyde and Frances Hyde, husband and wife, who are the appellants; and Donn C. Raymond and Virginia M. Raymond, husband and wife. Robert W. Hyde executed the lease and addendum as president of Grampy's.

### THE PLEADINGS AND TRIAL COURT RULING

The Spittlers filed this lawsuit on the guaranty in the district court for Madison County on June 29, 1988. They alleged that they had entered into a lease and an addendum to the lease on April 15, 1974, with Grampy's; that the appellants and others, on April 20, 1974, executed and delivered to the Spittlers an

agreement which guaranteed all of Grampy's obligations under the lease and addendum; and that beginning in December 1987, Grampy's had failed to meet its obligations under the lease and addendum. The Spittlers' petition further alleged that demand for payment under the guaranty agreement had been made upon the guaranty's signatories, but that the signatories had made no payments. The Spittlers prayed for judgment against the guarantors "and each of them."

In their joint answer, the Hydes and the Raymonds claimed that the guaranty was executed separately from the lease and that they received no separate consideration for executing the guaranty agreement. Therefore, the Hydes and Raymonds contended that the guaranty agreement was void. The Raymonds additionally claimed that they received a discharge in bankruptcy on July 17, 1986, and that they were entitled to a judgment of dismissal as a matter of law.

The Hyde-Raymond answer also alleges that there had been assignments of the lease and a subsequent sublease which discharged their responsibilities under the guaranty agreement. The Hydes and Raymonds moved for leave to file a third-party complaint against one of the assignees. The motion was denied, and that ruling is not an issue in this appeal.

The status of the defendants Nicola and Whitehead is not reflected in the record. No responsive pleadings on their behalf were filed.

On May 17, 1989, following a hearing on April 20 at which the lease, addendum, guaranty, and the Spittlers' affidavit were received in evidence, the trial court granted the Spittlers' motion for summary judgment and assessed damages against the Hydes in the sum of $30,429.50. The court dismissed the petition as against the Raymonds.

## THE APPEAL

The Hydes assign as error the trial court's (1) finding that there was no material issue of fact, (2) sustainment of the Spittlers' motion for summary judgment, and (3) failure to grant the appellants' motion for summary judgment. Since the appellants' motion for summary judgment is not contained in the record, we will not discuss that assignment of error.

Meaningful appellate review requires a record that elucidates the factors contributing to the lower court judge's decision. See, *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984). See, also, *Stevens v. Stevens*, 228 Neb. 84, 421 N.W.2d 429 (1988). This court will not speculate upon what basis the appellants sought summary judgment.

On appeal, in substance, the Hydes argue that summary judgment should not have been entered against them because the evidence at the summary judgment hearing failed to show that there was consideration for the guaranty.

## STANDARD OF REVIEW

In considering whether the trial court was correct in granting the Spittlers' motion for summary judgment, we are guided by the following principles:

When reviewing a motion for summary judgment, an appellate court views the evidence in a light most favorable to the party opposing the motion and gives that party the benefit of all reasonable inferences deducible from that evidence. *Flamme v. Wolf Ins. Agency, ante* p. 465, 476 N.W.2d 802 (1991).

A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law if the evidence presented for summary judgment remains uncontroverted. After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law for the moving party. *Id.*

A guaranty is interpreted using the same general rules as are used for other contracts. *Nogg Bros. Paper Co. v. Bickels*, 233 Neb. 561, 446 N.W.2d 729 (1989).

"A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if (a) the promise is in writing and signed by the promisor *and recites a purported consideration . . . .*" (Emphasis supplied.) Restatement (Second) of Contracts § 88 at 234 (1981).

Matters which seek to avoid a valid contract are affirmative

defenses. *Lease Northwest v. Davis*, 224 Neb. 617, 400 N.W.2d 220 (1987). Failure of consideration is an affirmative defense. See, *Pabst v. First American Distrib., Inc.*, 222 Neb. 591, 386 N.W.2d 422 (1986); *Caldwell v. Wells*, 174 Neb. 288, 117 N.W.2d 486 (1962). The burden of proving an affirmative defense rests upon the defendant. See *Erftmier v. Eickhoff*, 210 Neb. 726, 316 N.W.2d 754 (1982).

Generally, when a contract of guaranty is entered into independently of the transaction that created the original or present debt or obligation, the guarantor's promise must be (1) in writing, see Neb. Rev. Stat. § 36-202 (Reissue 1988), and (2) supported by a consideration which is distinct from that of the present debt, see, 38 Am. Jur. 2d *Guaranty* § 45 (1968) and *Waller v. Missouri City State Bank*, 482 S.W.2d 40 (Tex. Civ. App. 1972). See, also, *Moses v. Lawrence County Bank*, 149 U.S. 298, 13 S. Ct. 900, 37 L. Ed. 743 (1893); *Pacific Industries, Inc. v. Mountain Inn, Inc.*, 232 F. Supp. 801 (W.D. Ark. 1964); *Estate of Bogley v. United States*, 514 F.2d 1027 (Ct. Cl. 1975).

In this case, the Spittler-Grampy's lease and its addendum were in force for 5 days before the Hydes' written guaranty was executed and delivered to the Spittlers.

That there must be separate and distinct consideration for a guaranty if it is executed subsequent to the principal obligation is not an absolute rule. For instance, if a guaranty promise was made at a time subsequent to the creation of the principal obligation, the guaranty promise is still founded upon a consideration if the promise was given as the result of a previous arrangement, the principal obligation having been induced or created on the faith of the guaranty. See, *In re Estate of Tynan*, 142 Neb. 671, 7 N.W.2d 628 (1943); *United States v. Burgreen*, 591 F.2d 291 (5th Cir. 1979); *United States v. Lowell*, 557 F.2d 70 (6th Cir. 1977); *United States v. Interlakes Machine & Tool Co.*, 400 F. Supp. 59 (E.D. Mich. 1975). See, also, 38 Am. Jur. 2d *Guaranty* § 45 (1968).

Instruments made in reference to and as a part of a transaction should be considered and construed together. *Northland Mortgage Co. v. Royalwood Estates, Inc.*, 190 Neb. 46, 206 N.W.2d 328 (1973). It is not important that the instruments were made or dated at different times if they are

related to and were a part of the transaction. See *Northland Mortgage Co., supra.*

There is sufficient consideration for a promise if there is any benefit to the promisor or any detriment to the promisee. The benefit rendered need not be to the party contracting, but may be to anyone else at the contracting party's procurement or request. *Bock v. Bank of Bellevue,* 230 Neb. 908, 434 N.W.2d 310 (1989). Here, the guaranty provided an obvious benefit to Grampy's in permitting it to obtain a lease from the Spittlers. By their own admission in the guaranty, the Hydes also received a benefit. The guaranty recites that they were "interested in the business success of GRAMPY'S INTERNATIONAL, INC., A Nebraska Corporation," and desired to assist the corporation in obtaining the lease from the Spittlers.

With the foregoing rules of law in mind and remembering that as a general rule, the proper construction of a written contract is a question of law, *Newman v. Hinky Dinky,* 229 Neb. 382, 427 N.W.2d 50 (1988), and that the meaning of an unambiguous contract presents questions of law, *Lueder Constr. Co. v. Lincoln Electric Sys.,* 228 Neb. 707, 424 N.W.2d 126 (1988), we continue to examine the Hydes' guaranty together with the lease and the addendum it guarantees.

In the guaranty, the Hydes acknowledge that they were executing the guaranty *"to assist"* Grampy's *"in obtaining a Lease"* from the Spittlers. (Emphasis supplied.) In the guaranty, the Hydes *"request and authorize" the Spittlers to enter into a lease and its addendum, "and in consideration of said Lease,"* the Hydes *"hereby guarantee all of the obligations of Grampy's International, Inc., as contained in said Lease and Addendum thereto."* (Emphasis supplied.) These recitations in the guaranty are acknowledgments by the Hydes that at the time the lease and addendum were entered into, there was an understanding between the signatories to the guaranty, including the Hydes, and the Spittlers that the signatories to the guaranty would guarantee the lease and its addendum. The guaranty is in writing and recites a purported consideration, as required by Restatement (Second) of Contracts § 88 (1981). To contest that recitation of consideration and the evidence of consideration shown by the guaranty itself and to show that a

genuine issue of material fact existed, it was necessary for the Hydes to adduce some evidence that there was a failure of consideration for their guaranty. The record fails to reflect any evidence that there was a failure of consideration for the guaranty. That being true, there was no material issue of fact, and the trial court was correct in granting summary judgment in favor of the Spittlers.

AFFIRMED.