IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


HERBOLSHEIMER V. KOENIG


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


EDITH M. HERBOLSHEIMER, NOW KNOWN AS
EDITH M. WALDRON, APPELLANT,

V.

CHAD R. KOENIG, APPELLEE.


Filed June 25, 2019.    No. A-18-538.


Appeal from the District Court for Dodge County: GEOFFREY C. HALL, Judge. Affirmed in part, and in part dismissed.

Alan D. Martin for appellant.

No appearance for appellee.


RIEDMANN, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Edith M. Herbolsheimer, now known as Edith M. Waldron (Edith), appeals from an order of the district court for Dodge County which denied her request to modify the custodial arrangement for the two minor children she shares with Chad R. Koenig (Chad). In denying her request, the district court found that no material change in circumstances had occurred since the previous custody order and, as such, ordered that Chad continue to have sole physical and legal custody of the children subject to Edith's reasonable right to visitation.

On appeal, Edith argues that the district court erred in denying her request to modify custody, in failing to modify her child support obligation, and in its imposition of sentence after finding Chad in contempt of a court order. Because Edith has failed to provide us with an adequate

- 1 -

record to review the district court's decisions regarding modification of custody and child support, we must affirm those decisions. Further, we conclude that we do not have jurisdiction to address Edith's assertions regarding the contempt order because she appealed from the contempt action prior to a final order being entered.

BACKGROUND

Edith and Chad are the parents of two sons: one born in August 2001 and the other born in September 2004. The parties were never married. After separating, Edith and Chad reached an agreement as to custody of the children. On January 29, 2009, a stipulated order was entered granting Edith physical custody of the children, subject to Chad's parenting time, and granting both parties legal custody.

Approximately 6 months after the stipulated order was entered, in July 2009, Chad filed an application for modification of custody, alleging that a material change in circumstances had occurred since the entry of the stipulated order which would warrant awarding sole legal and physical custody of the children to him. Chad's modification action was litigated over the next 3 years. On May 23, 2013, the district court entered its order granting Chad's application for modification. The court found that a material change in circumstances regarding the ongoing safety, welfare, and best interests of the children had occurred since the entry of the stipulated order. The court awarded Chad sole legal and physical custody of the children. It also ordered Edith to pay child support.

Edith appealed to this court from the district court's May 2013 modification order. See *Herbolsheimer v. Koenig*, No. A-13-536, 2014 WL 1584493 (Neb. App. April 22, 2014) (selected for posting to court website). Ultimately, we concluded that the district court did not abuse its discretion in modifying the stipulated order by awarding Chad sole legal and physical custody of the children. We did reverse the district court's child support order, however, after finding that there was insufficient evidence presented regarding each party's income and financial circumstances. We remanded that issue to the district court to conduct further proceedings in order to determine the parties' incomes.

Sometime during the latter part of 2015 or the first part of 2016, Edith filed a new action, apparently requesting another modification of custody. It is not clear exactly what was alleged in this new action, however, as Edith has failed to include a copy of her original pleading in our record. In May 2016, Edith filed a "Motion for Leave to File Amended and/or Supplemental Pleading(s)." In this motion, Edith alleged that her "original Motion to Modify the Divorce Decree did not fully explain all of the issues (the Material Change of Circumstances) that justified the pleading for Modification of the Decree[.]" It is not clear whether the district court granted this motion, but no amended or supplemental pleading has been included in our record.

A hearing on Edith's claims began on July 5 and 6, 2017. At the close of the evidence on July 6, the court announced that, on its own motion, it was continuing the remainder of the hearing for approximately 7 months, until February 2018. The court explained,

I want some progress to happen for the benefit of these two children . . . because I am hoping beyond all hopes that somehow I can get through to both parents, both the Mother

and the Father, to try to work together to co-parent these kids, because if you don't, you're going to continue to damage them.

In the interim, the court entered a temporary order. The temporary order provided that Chad was to retain sole legal and physical custody of the children. Edith was awarded visitation with the children every other weekend and every Wednesday evening. She was also given one week of summer visitation in July 2017. Chad was ordered to attend counseling with the parties' oldest son and was ordered to attend anger management and individual counseling. Chad was also ordered to "immediately schedule appointments for [both children] to include dental, vision and general physical examination with adequate licensed healthcare providers."

On January 17, 2018, Edith filed an application for contempt of court. In the application, she alleged, among other things, that Chad had "willfully, repeatedly and contumaciously" failed to comply with the temporary order entered by the district court. Specifically, she alleged that Chad had failed "to obtain the necessary counseling, medical, dental or other evaluations or services delineated in the Temporary Order of this Court." She did note that Chad had obtained an eye exam for both boys.

On March 15, 2018, trial resumed. Prior to the start of the presentation of evidence, the court indicated:

> This matter comes on for further hearing. The Court previously entered a temporary order. The matter has been continued to today, and I had an opportunity to speak with counsel in chambers. It's my understanding that we are now in [Chad]'s case in chief. And there is also a pending contempt action brought on behalf of [Edith] that needs to be resolved.

At the close of the evidence, the district court announced its decision from the bench. The court found that Edith had failed to meet her burden of proof to show that a material change in circumstances warranting a change in custody had occurred. The court explained:

> Basically, what I heard is that these two boys, and I'm basing this primarily on what these educators told me, that they're doing well; that they both have problems but nothing out of the ordinary. And they're both functioning well and seem to be happy and well adjusted. So, I find that that burden has not been met as to the Complaint to Modify.

The court also found Chad to be in contempt. Specifically, the court found that Chad "is in willful and contumacious contempt of the Court's prior order relating to the fact he did not see [a counselor with his oldest son], [did not see an individual counselor for anger management], or have the children see a dentist." The court scheduled a sentencing hearing for August 3, 2018. However, the court also established a "purge plan" for Chad such that if he scheduled a dental exam for the children by June 30, 2018, and set up both an appointment for a counseling session involving both he and his oldest son and an appointment for a counseling session addressing anger management by May 31, 2018, he could avoid sentencing on the contempt conviction.

The district court entered a written order memorializing its decisions on April 30, 2018. Edith appeals from this order here.

ASSIGNMENTS OF ERROR

In her brief on appeal, Edith assigns 11 errors. For the purpose of our analysis, we consolidate these assigned errors into three general assertions. First, Edith asserts that the district court erred in failing to modify the prior custody order so as to award her sole custody of the children. Second, she asserts that the district court erred in failing to modify her child support obligation. Third, she asserts that the court erred in its imposition of a sentence for Chad after finding him to be in contempt of a court order.

STANDARD OF REVIEW

Child custody and visitation determinations are matters initially entrusted to the discretion of the trial court, and although reviewed de novo on the record, the trial court's determination will normally be affirmed absent an abuse of discretion. *Dragon v. Dragon*, 21 Neb. App. 228, 838 N.W.2d 56 (2013). The same standard applies to the modification of child support. *Armknecht v. Armknecht*, 300 Neb. 870, 916 N.W.2d 581 (2018). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Dragon v. Dragon, supra*.

In a civil contempt proceeding where a party seeks remedial relief for an alleged violation of a court order, an appellate court employs a three-part standard of review in which the trial court's (1) resolution of issues of law is reviewed de novo, (2) factual findings are reviewed for clear error, and (3) determinations of whether a party is in contempt and of the sanction to be imposed are reviewed for abuse of discretion. *Patera v. Patera*, 24 Neb. App. 425, 889 N.W.2d 624 (2017).

ANALYSIS

*Failure to Include Operative Pleadings in Our Record.*

Before we can address Edith's assignments of error, we must determine the effect of Edith's failure to include in our record both her original pleading and any amendments or supplements to that pleading.

The purpose of pleadings is to frame the issues upon which a cause is to be tried, and the issues in a given case will be limited to those which are pleaded. *Thomas v. Kiewit Building Group*, 25 Neb. App. 818, 914 N.W.2d 456 (2018). A pleading serves to eliminate from consideration those contentions which have no legal significance and to guide the parties and the trial court in the conduct of cases. See *id.* Similarly, the pleadings guide an appellate court's review of the lower court's judgment. An appellate court is obliged to dispose of a case on the basis of the theory presented by the pleadings on which the case was tried. *Linda N. v. William N.*, 289 Neb. 607, 856 N.W.2d 436 (2014). In fact, Neb. Ct. R. App. P. § 2-104(A)(1)(a) requires the pleadings to be included in the appellate transcript. That rule provides as follows: "(1) Upon filing the notice of appeal, the appellant shall file with the court from which the appeal is taken a praecipe directing the clerk to prepare a transcript, which shall contain: (a) The pleadings upon which the case was tried, as designated by the appellant[.]"

The Nebraska Supreme Court has previously found that an appellate court cannot consider a judgment entered by the trial court on a pleading not included in the transcript. See *Stevens v. Stevens*, 228 Neb. 84, 421 N.W.2d 429 (1988). In that case, the appellant failed to include in the transcript a copy of the "Cross-Petition" (responsive pleading) that had been filed by the appellee in the lower court. The Supreme Court affirmed the decision of the trial court after finding that it could not provide any relief to appellant without having all of the pleadings upon which the case was tried.

In her praecipe for transcript, Edith did not ask the clerk of the court to include her original pleading or any amendment or supplement to that pleading. As a result, those documents were not included in the transcript prepared for this court. Without Edith's pleadings, we are unable to ascertain the specific issues upon which the case was to be tried. While we can discern from the evidence presented at the trial and from comments of the district court and counsel, that custody of the parties' children was at issue, we do not have knowledge of the basis of Edith's request to change the previous custody order, nor do we know precisely what she was asking the court to do. In particular, we note that in her brief on appeal, Edith challenges the district court's failure to modify her child support obligation. This issue did not appear to have been litigated during the trial and it was not mentioned in the district court's order. Without the pleadings, we have virtually no ability to know what Edith alleged or requested in her pleadings as to child support. In addition, although we know that custody was an issue, we do not have any information about what Edith believed constituted a material change in circumstance which would warrant a modification in custody. Moreover, because the district court ultimately found that Edith had generally not proven any material change in circumstance, it was unnecessary for the court to delineate any specific allegations contained in Edith's pleading. As such, nowhere in the record is there any specific information about the nature of the material changes of circumstance alleged in Edith's pleadings.

Without Edith's pleadings, we are unable to effectively review the district court's decision to deny Edith's complaint to modify and continue the previous custody arrangement. We simply cannot evaluate whether the court abused its discretion in evaluating the evidence in light of Edith's specific assertions. It is incumbent upon an appellant to present a record which supports the errors assigned. See *Sanwick v. Jenson*, 244 Neb. 607, 508 N.W.2d 267 (1993). Because Edith has failed to provide us with a complete record which would permit a thorough review of the district court's decision, we must affirm the decision of the district court which ordered that Chad continue as the children's sole legal and physical custodian and which left Edith's child support obligation unchanged.

*Contempt.*

Edith also purports to appeal from the district court's decision finding Chad to be in contempt of the temporary order. However, because the court's finding of contempt was not accompanied by any sanction, we find that the contempt ruling was not a final, appealable order.

The law in Nebraska has long been that the finding of contempt alone, without a noncontingent order of sanction is not appealable. See, e.g., *Meisinger v. Meisinger*, 230 Neb. 37, 429 N.W.2d 721 (1988). See, also, *In re Interest of Karlie D.*, 19 Neb. App. 135, 809 N.W.2d 510 (2011) (analogizing interlocutory order in juvenile proceeding to one in contempt proceeding

making findings of contempt but imposing no sanction and concluding such situation results in no final order from which to appeal).

Here, Edith appealed from the order entered by the district court on April 30, 2018 which addressed both modification and contempt. As to contempt, the district court found that Chad "is in willful and contumacious contempt of the Court's prior order relating to the fact he did not see [a counselor with his oldest son], [did not see an individual counselor for anger management], or have the children see a dentist." However, the court did not impose any sanction at that time. Instead, the court scheduled a sentencing hearing for August 2018 and provided Chad the opportunity to purge himself of the contempt conviction by complying with the tenets of a purge plan prior to that date. Because the April 30, 2018, order made a finding of contempt but imposed no sanction, the contempt finding was not yet appealable.

We note that in our record, Edith included a transcript of the hearing held on August 3, 2018, which addressed the issue of whether to sanction Chad for his contempt conviction. The fact that such a hearing has now been held does not change our analysis. Edith filed her timely appeal from the April 30, 2018, order of the district court. However, that order was not final and appealable as to the contempt issue. The Supreme Court has stated: "It is fundamental that there can be no appeal . . . until there has been a judgment or final order in the district court." *Essay v. Essay*, 180 Neb. 291, 295, 142 N.W.2d 337, 339 (1966). Edith's notice of appeal was filed well before the hearing on sanctions was held. She could not appeal from an order that had not yet been made.

CONCLUSION

Because Edith has failed to provide us with an adequate record to review the district court's decisions regarding modification of custody and child support, we must affirm those decisions. We do not have jurisdiction to address Edith's assertions regarding the contempt order because she appealed from the contempt action prior to a final order being entered. As such, that portion of her appeal is dismissed.

AFFIRMED IN PART, AND IN PART DISMISSED.