Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2021 08:07 AM CDT

- 714 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

Milmar Food Group II, LLC, et al., appellees,
v. Applied Underwriters, Inc.,
et al., appellants.

___ N.W.2d ___

Filed April 6, 2021.    No. A-20-042.

1. **Jurisdiction.** Whether a suit should be entertained or dismissed under
   the rule of forum non conveniens depends largely upon the facts of the
   particular case and rests in the discretion of the trial court.
2. **Jurisdiction: States.** The doctrine of forum non conveniens (literally,
   "an unsuitable court") provides that a state will not exercise jurisdiction
   if it is a seriously inconvenient forum for the trial of the action, provided
   that a more appropriate forum is provided to the plaintiff.
3. **Jurisdiction: Words and Phrases.** The doctrine of forum non conve-
   niens refers to the discretionary power of a court to decline jurisdiction
   when the convenience of the parties and the ends of justice would be
   better served if the action were brought and tried in another forum.
4. **Jurisdiction: States.** A plaintiff's choice of a forum should not be over-
   turned except for weighty reasons, and only when trial in the chosen
   forum would establish oppressiveness and vexation to the defendant out
   of all proportion to the plaintiff's convenience, or when the forum is
   inappropriate because of considerations affecting the court's own admin-
   istrative and legal problems.
5. **Jurisdiction: States: Waiver.** When parties agree to a forum selection
   clause, they waive the right to challenge the preselected forum as incon-
   venient or less convenient for themselves or their witnesses, or for their
   pursuit of the litigation. In essence, they waive the right to challenge the
   private interest factors. However, a trial court may consider arguments
   about public interest factors. These public interest factors include the
   administrative difficulties flowing from court congestion, the local inter-
   est in having localized controversies decided at home, and the interest
   in having the trial of a diversity case in a forum that is at home with
   the law.

- 715 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Reversed and remanded with directions.

Jeffrey A. Silver for appellants.

Kristopher J. Covi, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellees.

Bishop, Arterburn, and Welch, Judges.

Bishop, Judge.

## INTRODUCTION

Milmar Food Group II, LLC; Milmar Food Group, LLC; and Milmar LLC (collectively Milmar) filed an action in the district court for Douglas County against Applied Underwriters, Inc.; Applied Underwriters Captive Risk Assurance Company, Inc.; Applied Risk Services, Inc.; Applied Risk Services of New York, Inc.; North American Casualty Company; Continental Indemnity Company; and California Insurance Company (collectively Applied), alleging nine claims based on a workers' compensation reinsurance participation agreement (RPA) that Milmar asserts violated New York insurance law. The Douglas County District Court, sua sponte, dismissed Milmar's action without prejudice, citing the doctrine of forum non conveniens. We reverse, and remand with directions to stay the present action pending Milmar's attempt to refile its action in New York.

## BACKGROUND

### New York Lawsuit

Milmar initially filed a lawsuit against Applied in New York. See *Milmar Food Group II, LLC v. Applied Underwriters, Inc.*, 61 Misc. 3d 812, 85 N.Y.S.3d 347 (2018). As stated in the New York court's opinion:

> [P]laintiffs (collectively, Milmar) are affiliated New York companies, engaged in the production and distribution of food products, which are required by New York law

- 716 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

to provide workers' compensation insurance for their employees. Defendants provide products and services in connection with workers' compensation insurance coverage. Beginning in 2013, Milmar was covered under a workers' compensation program (the EquityComp Program) created, patented and implemented by defendants.

There are essentially three components to this Program:

1. *Standard workers' compensation insurance policies* issued to Milmar by defendants Continental Indemnity Company (Continental) and California Insurance Company (California), with rates and forms approved by New York's Department of Financial Services or its predecessor, the New York Insurance Department;

2. A *reinsurance agreement* (the Reinsurance Treaty) between defendant Applied Underwriters Captive Risk Assurance Company, Inc. (AUCRA) and affiliates of defendant Applied Underwriters, Inc. (AU), including Continental and California; and

3. A *Reinsurance Participation Agreement* (RPA) between AUCRA and Milmar.

Milmar commenced this action, complaining that the RPA is illegal and fraudulent, and seeking, inter alia, a declaratory judgment that the RPA is void and unenforceable under the New York Insurance Law, equitable rescission of the RPA and money damages for sums paid under the RPA in excess of premiums due under the Continental and California insurance policies.

Defendants move, inter alia, (1) to dismiss Milmar's claims against AUCRA on the ground that the RPA designates the courts of Nebraska as the exclusive forum for resolving "any matter concerning this Agreement that is not subject to the dispute resolution provisions of Paragraph 13 hereof," and (2) to dismiss Milmar's claims against all remaining defendants on the ground that AUCRA is a necessary party who cannot be joined in this New York action.

- 717 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

*Milmar Food Group II, LLC v. Applied Underwriters, Inc.*, 61 Misc. 3d at 815-16, 85 N.Y.S.3d at 350-51 (emphasis in original).

The New York court ultimately determined that the RPA's Nebraska forum selection clause was enforceable. It also determined that the forum selection clause should not be set aside. The court stated:

Milmar has not shown that trial in Nebraska would be so gravely difficult that it would, for all practical purposes, be deprived of its day in court. Applying a forum non conveniens analysis in accord with what it takes to be Nebraska law, Milmar claims only that Nebraska is not a reasonably convenient place for the trial of this action. Under New York law, however, "where a party to a contract has agreed to submit to the jurisdiction of a court, that party is precluded from attacking the court's jurisdiction on forum non conveniens grounds." (*Honeywell Intl. Inc. v ARC Energy Servs., Inc.*, [152 A.D.3d 444, 444, 55 N.Y.S.3d 658, 658 (N.Y. App. Div. 2017)]; *Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, [35 A.D.3d 222, 223, 826 N.Y.S.2d 235, 238 (N.Y. App. Div. 2006)]).

In view of the foregoing, Milmar has failed to carry its heavy burden under New York law of showing that the RPA's Nebraska forum selection clause should be set aside.

*Milmar Food Group II, LLC v. Applied Underwriters, Inc.*, 61 Misc. 3d 812, 821-22, 85 N.Y.S.3d 347, 355 (2018).

Accordingly, the New York court dismissed Milmar's claims against defendant Applied Underwriters Captive Risk Assurance Company (AUCRA) without prejudice and Milmar was "granted leave to recommence its action against AUCRA in the courts of the State of Nebraska." *Id*. at 832, 85 N.Y.S.3d at 362.

The New York court further found that AUCRA was a necessary party to all claims asserted by Milmar, and it therefore ordered that Milmar's claims against defendants Applied

- 718 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

Underwriters, Applied Risk Services, Applied Risk Services of New York, North American Casualty Company, Continental Indemnity Company, and California Insurance Company were dismissed without prejudice for nonjoinder of defendant AUCRA due to the aforesaid Nebraska forum selection clause. The court noted

> in particular that Milmar has an effective remedy in Nebraska because all named defendants except Applied Risk Services of New York, Inc.—a peripheral defendant against whom no specific allegations are made in the complaint—are Nebraska corporations, or have their principal place of business in Nebraska, and are therefore subject to general jurisdiction in the courts of Nebraska.

*Id*. at 833, 85 N.Y.S.3d at 362.

## Nebraska Lawsuit

On March 3, 2019, Milmar filed a complaint against Applied in the district court for Douglas County. Milmar alleged nine claims against Applied based on the RPA, which Milmar asserts violated New York insurance law. Specifically, Milmar's "Demand[s] for Relief" were (1) "Declaratory Judgment That the RPA Is Void and Unenforceable Under New York Insurance Law § 2347," (2) "Declaratory Judgment That the RPA Is Void and Unenforceable Under New York Insurance Law as an Unlawful Reinsurance Agreement," (3) "Violation of New York Insurance Law § 4226 for Misrepresentations By Insurers," (4) "Equitable Rescission of the RPA," (5) "Fraudulent Business Practices Under Gen. Bus[.] Law § 349," (6) "Common Law Fraud," (7) "Negligent and/or Improper Claims Handling," (8) "Violation of the Nebraska Consumer Protection Act," and (9) "Violation of the Nebraska Uniform Deceptive Trade Practices Act." Milmar sought declaratory relief and damages.

On April 29, 2019, Applied filed a motion to dismiss Milmar's complaint pursuant to Neb. Ct. R. Pldg. § 6-1112(b)(6) "for the reason that [Milmar's] Complaint fails to state a claim upon which relief can be granted."

- 719 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

A hearing was held on Applied's motion to dismiss on June 11, 2019; however, a record was not made in connection with that hearing, and we therefore do not have a bill of exceptions from that hearing.

On December 26, 2019, the district court entered its order. The district court, sua sponte, invoked the doctrine of forum non conveniens to dismiss the case without prejudice. The court stated:

> Although Nebraska courts have jurisdiction over the parties, resolution of the claims in this case involves analysis of whether the [RPA] is void under New York regulations relating to New York workers' compensation insurance. Resolution of these issues impacts the availability of this type of [RPA] for workers' compensation insurance holders in New York. These issues are complex and would be "best administered by the individual state's agencies or courts." . . . Additionally, the judicial system's interest in obtaining the most efficient resolution of this controversy lies in having this case tried in the New York courts. . . . New York courts have greater expertise and interest in the matters involved in this case, including their own workers' compensation insurance laws and regulations. Additionally, this Court takes judicial notice of the filing of other similar cases in its docket and determines these cases would consume significant judicial resources of the State of Nebraska.

The court found that its analysis of the issue was distinct from that of the New York court which

> declined to set aside the forum selection clause, [but] did not analyze the clause under the doctrine of forum non conveniens as codified in [Neb. Rev. Stat.] § 25-538 [(Reissue 2016)]. Rather, the New York court's analysis reached only the issues of whether the Nebraska Choice of Forum Act, constitutional due process, or fraud nullified the forum selection clause.

The district court determined, sua sponte, that "the forum selection clause should be set aside under the doctrine of

- 720 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

forum non conveniens and this action should be dismissed without prejudice and [Milmar is] given leave to file in the courts of the State of New York." Accordingly, "the Court does not reach the merits of [Applied's] arguments relating to its 12(b)(6) Motion to Dismiss."

Applied appeals.

## ASSIGNMENT OF ERROR

Applied assigns, summarized, that the district court erred when it dismissed the complaint sua sponte on forum non conveniens grounds.

## STANDARD OF REVIEW

[1] Whether a suit should be entertained or dismissed under the rule of forum non conveniens depends largely upon the facts of the particular case and rests in the discretion of the trial court. *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008).

## ANALYSIS

[2,3] The doctrine of forum non conveniens (literally, "an unsuitable court") provides that a state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action, provided that a more appropriate forum is provided to the plaintiff. *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005). It refers to the discretionary power of a court to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum. *Id*. Neb. Rev. Stat. § 25-538 (Reissue 2016) states, "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just."

[4,5] In its analysis, the district court looked to this court's opinion in *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019). While the district court noted

- 721 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

that the legal framework of *Applied Underwriters v. E.M. Pizza* involved a jurisdictional issue not applicable to the present case, it found *Applied Underwriters v. E.M. Pizza* instructive because "the [public interest] factors that inform[ed] analysis [in that case] are the same factors considered by a court analyzing convenience of the forum under the doctrine of forum non conveniens." In *Applied Underwriters v. E.M. Pizza*, this court stated:

A plaintiff's choice of a forum should not be overturned except for "'weighty reasons,'" and only when trial in the chosen forum would establish oppressiveness and vexation to the defendant out of all proportion to the plaintiff's convenience, or when the forum is inappropriate because of considerations affecting the court's own administrative and legal problems. . . . [I]t is also appropriate for a court to consider the advantages of having trial in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself. . . .

The U.S. Supreme Court recently addressed the issue of whether a plaintiff's choice-of-forum clause could be set aside under the doctrine of forum non conveniens when seeking a dismissal or transfer under 28 U.S.C. § 1406(a) (2012). See *Atlantic Marine Constr. Co. v. United States Dist. Court for Western Dist. of Tex.*, 571 U.S. 49, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013). In doing so, the Court identified both private interest factors and public interest factors. The Court stated that when parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. *Id*. In essence, they waive the right to challenge the private interest factors. *However, a trial court may consider arguments about public interest factors. Id. These public interest factors*

- 722 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

*include the administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law. Id.* These public interest factors are consistent with the factors the Nebraska Supreme Court identified in *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005).

26 Neb. App. at 919-20, 923 N.W.2d at 800-01 (emphasis supplied). This court then stated:

California has a significantly greater interest in the issues in this case than does Nebraska and that California's judicial system in interpreting its own workers' compensation laws clearly would provide a more efficient resolution of the controversies within this case. . . .

. . . [A] Nebraska court would likely have to apply California's complex workers' compensation laws to this dispute. We find that this factor weighs heavily against a finding that this state is a reasonably convenient place for the trial of this action as required under [Neb. Rev. Stat.] § 25-414(1)(b) [(Reissue 2016) of the Model Uniform Choice of Forum Act]. As stated by Professor Larson in his treatise on workers' compensation law, due to the complexity of workers' compensation laws, cases in which they are involved are best administered by the individual state's agencies or courts. See 13 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 140.02[4] (2017). Therefore, a California court would be in the best position to interpret and apply its own workers' compensation laws to this dispute which affects primarily California workers.

Finally, the judicial system's interest in obtaining the most efficient resolution of this controversy lies in having this case tried in the California courts. As stated by counsel during oral arguments, there are numerous other cases stemming from similar RPA's that are pending

- 723 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

in the Nebraska courts, which consume this State's judicial resources.

*Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 920-21, 923 N.W.2d 789, 801 (2019).

As stated previously, the district court in the present case found that resolution of Milmar's claims involves analysis of whether the RPA is void under New York regulations relating to New York workers' compensation insurance. The district court stated, "Resolution of these issues impacts the availability of this type of [RPA] for workers' compensation insurance holders in New York. These issues are complex and would be 'best administered by the individual state's agencies or courts'" because "New York courts have greater expertise and interest in the matters involved in this case, including their own workers' compensation insurance laws and regulations." Additionally, the district court took judicial notice of the filing of other similar cases in its docket and determined these cases would consume significant judicial resources of the State of Nebraska. The district court determined that "this is one of a rare set of cases in which public interest factors . . . support setting aside the forum selection clause [in the RPA] under the doctrine of forum non conveniens." The district court then dismissed the action without prejudice and gave Milmar leave to file in the courts of New York.

Applied argues that the district court incorrectly applied the law of forum non conveniens because "[t]he Nebraska Supreme Court has repeatedly emphasized that a case cannot be dismissed on forum non conveniens grounds unless another forum is available to hear the dispute." Brief for appellants at 15. In support of its assertion, Applied refers us to *Christian v. Smith*, 276 Neb. 867, 876, 759 N.W.2d 447, 457 (2008) ("doctrine of forum non conveniens provides that a state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action, provided that a more appropriate forum is provided to the plaintiff"), and *Ameritas Invest. Corp. v. McKinney*, 269 Neb. 564, 694 N.W.2d 191 (2005) (same). Applied contends that Milmar has no available forum

- 724 -

Nebraska Court of Appeals Advance Sheets
29 Nebraska Appellate Reports
MILMAR FOOD GROUP II v. APPLIED UNDERWRITERS
Cite as 29 Neb. App. 714

in New York because Milmar's claims have already been dismissed by the New York courts.

Milmar agrees with Applied that the district court erred in dismissing this case because the court did not identify a more appropriate forum, given that the New York court's decision "effectively precludes Milmar from pursuing its claims against [Applied] in New York." Brief for appellees at 3. Milmar states, "Perhaps a New York court, armed with this [Nebraska] decision, would change the result to avoid Milmar being left without any forum, but that is speculation." *Id*.

Both Applied and Milmar support reversal of the district court's dismissal of the complaint, and both request that the matter be remanded back to the district court for consideration of Applied's motion to dismiss for failure to state a claim. We agree with the parties that the dismissal should be reversed and the matter remanded, but we direct a different initial step on remand, as explained below.

Although we are reversing the district court's dismissal of the action, we agree with its consideration of the public interest factors as set forth in *Applied Underwriters v. E.M. Pizza*, 26 Neb. App. 906, 923 N.W.2d 789 (2019). We also agree with its conclusion that New York is the better forum for this action in light of those factors. However, the court considered those factors without also considering the unique circumstances of the present case, namely, a New York court already dismissed Milmar's case because it determined the case should be heard in Nebraska based on the RPA's forum selection clause. Additionally, when addressing Milmar's claim that Nebraska was an inconvenient forum, that same New York court concluded the argument lacked merit because Milmar had agreed to submit to Nebraska's jurisdiction by contract. Notably, however, while the New York court was not persuaded by Milmar's apparent argument of private interest factors under forum non conveniens, it did not address the public interest factors of forum non conveniens, as the district court did in this action. Although the district court dismissed the case without prejudice and gave Milmar leave to file in

the courts of New York, it did not analyze whether New York is now a reasonably available forum given the circumstances just described.

We conclude the district court abused its discretion when it used the public interest factors of forum non conveniens to dismiss Milmar's case without also considering whether there was a more appropriate forum available to Milmar. Given the unique circumstances present in this case, rather than dismissing the action, the district court should have stayed the action on the condition that the case is filed in and accepted by the New York courts. Section 25-538 provides, "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." Accordingly, we reverse the decision of the district court dismissing the case without prejudice and remand the matter with directions that the court stay the action on the condition that the case is filed in and accepted by the New York courts.

As an aside, we note that a case with similar underlying issues to those in Milmar's complaint is currently working its way through the New York courts, which case may warrant attention on remand in the present matter to the extent the New York courts decline to accept Milmar's efforts to refile its action in that state once the present action has been stayed in Nebraska. See *Air-Sea Packing Group, Inc. v. Applied Underwriters, Inc.*, No. 711035 2019, 2020 WL 3507690 (N.Y. Sup. May 21, 2020).

## CONCLUSION

For the reasons set forth above, we reverse the decision of the district court dismissing the case without prejudice and remand the matter with directions that the court stay the action on the condition that the case is filed in and accepted by the New York courts.

Reversed and remanded with directions.